**Gary DUNCAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46690.**

Court of Criminal Appeals of Texas.

April 4, 1973.

James T. Allen, El Paso, for appellant.

Steve Simmons, Dist. Atty., and Gary B. Weiser, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On July 8, 1970, the appellant waived trial by jury and entered a plea of guilty before the court to an indictment charging him with the offense of burglary with intent to commit theft. The punishment was assessed at two years, but the imposition of the sentence was suspended and the appellant was placed on probation. Among the conditions of probation was the requirement that he "commit no offense against the laws of this or any other State or of the United States."

On February 29, 1972, the State filed a motion to revoke probation alleging appellant violated the foregoing condition by having in his possession a narcotic drug, to wit: marihuana, on or about January 13, 1972. This was the only violation alleged. At the conclusion of the hearing on June 28, 1972, the court revoked probation.

Appellant does not challenge the sufficiency of the evidence to sustain the revocation, but contends the court erred in failing "to include in its order of revocation any finding of fact and conclusions of law upon which the court ordered such revocation."

We find the contention to be without merit. In the court's order revoking probation, a recitation of the history of the case is set forth along with the following:

". . . And it further appearing to the court, after having heard evidence on said motion, that, after such date and during the probationary period above set out, to wit: on the 13th day of January, 1972, the said Gary Duncan, the said defendant, did then and there unlawfully have under his control and possess a certain narcotic drug, to-wit: Marihuana."

The revocation motion alleged only one violation, the evidence pertained thereto and the court's order clearly showed the revocation was based upon such violation.

The finding was sufficient to inform the appellant as to which violation of probation was found by the trial court.

The judgment is affirmed.